UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK WESTERFIELD, | ) |
| PLAINTIFF | ) CASE NO. 2 10 CV 046 |
| VS. | ) |
| TOWN OF MUNSTER, STEPHEN F. SCHECKEL, individually and in his capacity as Chief of Police for the Town of Munster Police Department, and KURT MATZ, individually and in his capacity as Lieutenant for the Town of Munster Police Department, | ) |
| DEFENDANTS | ) |

## COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. The Plaintiff, Mark Westerfield ("Westerfield") brings this civil action against the Defendant, Town of Munster ("Munster") for violations of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 626, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and for retaliation in violation of the ADEA and the ADA.

2. Westerfield has also included claims under 42 U.S.C. § 1983 against Munster, Stephen F. Scheckel ("Scheckel"), individually and in his capacity as Chief of Police for the town of Munster Police Department and Kurt Matz ("Matz"), individually and in his capacity as Lieutenant for the Town of Munster Police Department for violations and deprivations of his rights under the Constitution and laws.

3. Westerfield also intends to amend the Complaint to assert a pendent state law claim alleging that Munster retaliated against him for exercising his rights under the Indiana Worker's Compensation Act. Westerfield intends to amend the Complaint to include such claim in the event Munster denies or fails to rule upon the Notice of Tort Claim filed by Westerfield as provided in IND. CODE § 34-13-3-13.

4. Westerfield seeks compensatory damages, punitive damages, attorney fees, and other relief available to address the violations of his civil and statutory rights arising from Munster's acts, practices and conduct with respect to his employment.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over Westerfield's claims based upon the ADA and ADEA pursuant to 28 U.S.C. § 1331. In addition, this court has jurisdiction over any pendent state law claims filed by Westerfield pursuant to 28 U.S.C. § 1367.

6. This court is the proper venue for this action as Westerfield, Scheckel and Matz are each residents of Lake County, State of Indiana. Munster is a governmental entity located in Lake County, State of Indiana.

7. At all times relevant hereto, Munster was an employer of Westerfield as defined by 42 U.S.C. § 12101 and 29 U.S.C. § 626.

8. At all relevant times, Westerfield was an employee of Munster as defined by 42 U.S.C. § 12101 and 29 U.S.C. § 626.

9. Within 180 days of the discriminatory actions of Munster, Westerfield filed a Charge of Discrimination with the Indiana Civil Rights Commission ("ICRC") and the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the Charge of Discrimination is attached hereto as **Exhibit 1**.

10. The EEOC issued to Westerfield a Notice of Right to Sue on his Charge. A true and accurate copy of the Notice of Right to Sue is attached hereto as **Exhibit 2**.

11. Westerfield has filed this action within 90 days of the issuance of the Notice of Right to Sue letters.

12. All necessary administrative actions regarding Westerfield's claims under the ADA and the ADEA have been exhausted, and Westerfield has standing to bring his claims at this time.

13. Westerfield has filed a Notice of Tort Claim. A true and accurate copy of the Notice of Tort Claim is attached hereto as **Exhibit 3**.

14. Westerfield intends to amend his Complaint to include any tort claims against the Defendant as soon as he is permitted to do so pursuant to IND. CODE § 34-13-3-13.

## III. STATEMENT OF FACTS

15. Westerfield is a police officer for the Munster Police Department.

16. At all times relevant hereto, Scheckel was the Chief of Police for the Town of Munster Police Department.

17. At all times relevant hereto, Matz was a Lieutenant for the Town of Munster Police Department and was Westerfield's supervisor.

18. Westerfield has been a member of the Munster Police Department since approximately August 1990.

19. Westerfield's date of birth is October 30, 1966.

20. Westerfield suffers from a genetic spine disorder.

21. Munster has, at all relevant times hereto, been aware of Westerfield's genetic spine disorder.

22. On or about October 30, 2007, Westerfield underwent necessary back surgery for his genetic spine disorder.

23. On or about January 31, 2008, Westerfield slipped and fell on ice and suffered a back and ankle injury during and in the course of his employment for Munster.

24. Westerfield applied for and received worker's compensation benefits.

25. In March 2008, Westerfield attempted to return to work after being released by his physician for light duty.

26. Munster refused to allow Westerfield to return to work in a light duty position claiming that no light duty positions were available.

27. On or about August 2, 2008, Westerfield was fully released from his doctor's care and resumed his full-time duties with Munster.

28. On or about September 15, 2008, Westerfield twisted his ankle and suffered a second ankle injury.

29. On or about September 25, 2008, Westerfield's treating physician determined that Westerfield's ankle injury was aggravated by his initial back and ankle injury which he suffered during and in the course of employment.

30. Westerfield applied for worker's compensation benefits related to his second ankle injury.

31. Munster required Westerfield to use his vacation time and sick leave for the work he missed as a result of the second ankle injury.

32. Westerfield attempted to return to his employment with Munster on or about September 30, 2008, in a light duty position.

33. Munster refused to return Westerfield in a light duty position claiming that no such positions were available.

34. On or about October 15, 2008, Westerfield was fully released by his treating physician and returned to his employment with Munster.

35. On or about March 23, 2009, Matz ordered Westerfield to provide a written report on the cough medicines and other medications prescribed to Westerfield.

36. Westerfield provided a letter listing the medications which he was taking but did not include those medications which he believed were "non-impairing" (such as blood pressure medication).

37. On or about March 25, 2009, during and in the course of his employment with Munster, Westerfield suffered yet a third ankle injury.

38. Westerfield's treating physician determined that the third ankle injury was also aggravated by and related to his prior back and ankle injuries.

39. Westerfield applied for and received worker's compensation benefits.

40. On or about April 13, 2009, Westerfield was ordered to provide a list of all medications which he was taking between March 11, 2009, and April 13, 2009, or he would be subjected to "disciplinary action."

41. Westerfield provided the information requested in the April 13, 2009, letter.

42. Munster has not required employees under the age of 40 or employees not suffering a disability to provide detailed lists of the medications which they were taking or be subject to disciplinary action.

43. On or about April 23, 2009, Westerfield filed a Charge of Discrimination with the ICRC and the EEOC.

44. Westerfield, again, requested light duty work pursuant to his treating physician's instructions.

45. Munster again refused to provide Westerfield with the requested light duty work claiming that no such positions were available.

46. Munster terminated Westerfield's insurance benefits on May 31, 2009.

47. During a conversation regarding Westerfield's request to return to a light duty position, Scheckel denied Westerfield's request and stated: "What did you expect? You filed claims with the EEOC and workers comp. Did you think we were just going to accept you back with open arms?"

48. Munster made a light duty position available to officers under the age of 40 and officers without disabilities.

49. Westerfield was qualified for the light duty positions which Munster offered to employees under the age of 40 and officers without disabilities.

50. On or about June 2009, Westerfield was released to return to work without restrictions.

51. Munster refused to return Westerfield to work despite his release to return without restrictions.

52. On or about June 2009, Munster placed Westerfield on administrative leave with pay while it allegedly investigated Westerfield's worker's compensation claims.

53. Munster informed Westerfield that if he withdrew his EEOC Charge of Discrimination and any other claims, Munster would not move forward on criminal charges related to his worker's compensation claims.

54. On or about October 30, 2009, Munster caused criminal charges to be filed against Westerfield for insurance fraud, a Class C Felony.

55. On November 4, 2009, prior to and without any hearing, Westerfield was removed from administrative leave with pay and placed on administrative leave without pay.

56. Westerfield has a property interest in his continued employment with Munster and the attendant benefits.

57. Munster has a municipal policy or practice of discriminating against individuals for age and/or a disability.

58. Munster also has a municipal policy or practice of retaliating against individuals for filing a Charge of Discrimination and/or filing a claim for worker's compensation.

59. Westerfield remains on administrative leave without pay as of the date of the filing of this Complaint.

60. Westerfield has suffered damages in the form of lost wages, lost employee benefits, emotional distress, humiliation, embarrassment, and physical distress due to Munster's unlawful conduct.

## IV. LEGAL THEORIES

61. Munster has discriminated against Westerfield on the basis of his disability or perceived disability by failing to provide him with a reasonable accommodation which would allow him to return to work and by discriminating against him in awarding light duty positions.

62. Munster has discriminated against Westerfield on the basis of his age in that it has treated younger officers more favorably than Westerfield.

63. Munster has retaliated against Westerfield for asserting his rights under the ADA and the ADEA.

64. Munster has retaliated against Westerfield for exercising his rights under the Indiana Worker's Compensation Act. Westerfield intends to amend his Complaint to include a claim for retaliation related to his claims for worker's compensation benefits as soon as he is permitted to do so in keeping with IND. CODE § 34-13-3-13.

65. Munster, Scheckel, individually and in his official capacity, and Matz, individually and in his official capacity, have unlawfully, intentionally and without due process, deprived Westerfield of his property interest in continued employment, compensation and the benefits associated with his employment with Munster.

66. Munster, Scheckel, individually and in his official capacity, and Matz, individually and in his official capacity, have unlawfully and intentionally discriminated against and retaliated against Westerfield in violation of his lawfully protected rights and 42 U.S.C. § 1983.

## V. PRAYER FOR RELIEF

67. Westerfield seeks an award of back pay and front pay.

68. Westerfield requests an award of compensatory damages for mental and emotional distress, humiliation, embarrassment, anxiety, and physical pain and suffering caused by the Defendants' illegal acts.

69. Westerfield seeks punitive damages against the Defendants to deter further illegal conduct.

70. Westerfield requests pre-judgment and post-judgment interest on his back pay and other economic damages.

71. Westerfield requests reimbursement of all his costs, expenses, and attorney fees for bringing this action.

RHAME & ELWOOD
CO-ATTORNEYS FOR PLAINTIFF
3200 WILLOWCREEK ROAD, SUITE A
PORTAGE, INDIANA 46368
TELEPHONE: (219) 762-0494
FAX: (219) 762-4047
EMAIL: kenelwood@verizon.net

BY: _____
KENNETH B. ELWOOD
I.D. #17937-45

HALLER & COLVIN, P.C.
CO-ATTORNEYS FOR PLAINTIFF
444 EAST MAIN STREET
FORT WAYNE, INDIANA 46802
TELEPHONE: (260) 426-0444
FAX: (260) 422-0274
EMAIL: hbrady@hallercolvin.com

BY: _____
HOLLY A. BRADY
I.D. #18227-02-A

## JURY DEMAND

Plaintiff, Mark Westerfield, by counsel, demand a trial by jury in the above-captioned matter.

RHAME & ELWOOD
CO-ATTORNEYS FOR PLAINTIFF
3200 WILLOWCREEK ROAD, SUITE A
PORTAGE, INDIANA 46368
TELEPHONE: (219) 762-0494
FAX: (219) 762-4047
EMAIL: kenelwood@verizon.net

BY: _____
KENNETH B. ELWOOD
I.D. #17937-45

HALLER & COLVIN, P.C.
CO-ATTORNEYS FOR PLAINTIFF
444 EAST MAIN STREET
FORT WAYNE, INDIANA 46802
TELEPHONE: (260) 426-0444
FAX: (260) 422-0274
EMAIL: hbrady@hallercolvin.com

BY: _____
HOLLY A. BRADY
I.D. #18227-02-A